# FEDERAL PUBLIC DEFENDER
## Southern District of Florida
www.fpdsouthflorida.org

**Michael Caruso**
**Federal Public Defender**

Location: Fort Lauderdale

**Hector A. Dopico**
**Chief Assistant**

Miami:

**Helaine B. Batoff**
**Sowmya Bharathi**
**R. D'Arsey Houlihan**
  **Supervising Attorneys**

**Bonnie Phillips-Williams,**
  **Executive Administrator**

Stewart G. Abrams
Abigail Becker
Elizabeth Blair
Anshu Budhrani
Katie Carmon
Vanessa Chen
Eric Cohen
Tracy Dreispul
Christian Dunham
Daniel L. Ecarius
Aimee Ferrer
Julie Holt
Sara Kane
Ashley Kay
Lauren Krasnoff
Bunmi Lomax
Ian McDonald
Kathleen Mollison
Kirsten Nelson
Joaquin E. Padilla
Laura Sayler
Kathleen Taylor

Ft. Lauderdale:

**Robert N. Berube**
**Bernardo Lopez,**
  **Supervising Attorneys**

Andrew Adler
Huda Ajlani-Macri
Janice Bergmann
Brenda G. Bryn
Timothy M. Day
Robin J. Farnsworth
Margaret Y. Foldes
Juan Michelen
Jan C. Smith
Gail M. Stage
Daryl E. Wilcox

West Palm Beach:

**Peter Birch,**
  **Supervising Attorney**

Robert E. Adler
Lori Barrist
Scott Berry
Caroline McCrae
Kristy Militello

Fort Pierce:

Panayotta Augustin-Birch
R. Fletcher Peacock

October 19, 2020

David Smith, Clerk of Court
United States Court of Appeals, Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

      Re:    *Isaac Seabrooks v. United States*
              11th Cir. Case 20-13459-F
              Letter of Supplemental Authority, Fed. R. App. P. 28(j)

Dear Mr. Smith,

Mr. Seabrooks respectfully advises that on November 19, 2020, the Ninth Circuit will hear oral argument in *Tate v. United States*, Case No. 20-70785, on whether *Rehaif v. United States*, 139 S.Ct. 2191 (2019) set forth a "new rule of constitutional law" such that it is retroactively-applicable in a successive § 2255 case, pursuant to 28 U.S.C. § 2255(h)((2).

Mr. Seabrooks has argued in his pending motion for certificate of appealability that the heightened retroactivity standard set forth in § 2255(h)(2) does ***not*** govern his ***first*** § 2255 case as the district court found here—or, at least, that reasonable jurists could debate the district court's holding that he was required to show *Rehaif* set forth a new rule of constitutional law. However, even if Mr. Seabrooks were indeed required to make such a showing in a ***first*** § 2255 as the district court found, it is clear from the proceedings in *Tate* that reasonable jurists are now actively debating whether *Rehaif* set forth a new rule of constitutional law. *See* Appellant's Reply in Support of Application for Authorization to File a Successive Section 2255 Motion, *Tate v. United States*, Case No. 20-70785, at 2-4 (9th Cir. June 15, 2020) (pointing out that in *Montgomery v. Louisiana*, 136 S.Ct. 718, 728 (2016) the Supreme Court clarified that any new rule "forbidding criminal punishment of certain primary conduct" is a new rule of substantive constitutional law, and the Court did not exclude a decision of statutory interpretation from that clarified definition; in *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016) the Court further clarified that in determining whether a rule is substantive or procedural it considers "the function of the rule, not its underlying constitutional source;" arguing, therefore, that "[w]hether *Rehaif* involved statutory interpretation is immaterial; *Rehaif*'s function is what matters" for retroactivity, and since *Rehaif* "now forbids criminal punishment of certain primary conduct, namely

---

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** | **Ft. Pierce** |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 450 Australian Avenue South | 109 North 2nd Street |
| Suite 1500 | Suite 1100 | Suite 500 | Ft. Pierce, FL 34950 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1842 | West Palm Beach, FL 33401-5040 | Tel: (772) 489-2123 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Fax: (772) 489-3997 |
| Fax: (305) 530-7120 | Fax: (954) 356-7556 | Fax: (561) 833-0368 | |

possessing a firearm without the defendant's knowledge of his or her underlying prohibitive status," "*Montgomery* defines *Rehaif* as a substantive rule of constitutional law").

Michael Caruso
Federal Public Defender

By:     */s/ Brenda G. Bryn*
        Assistant Federal Public Defender

cc:     Lisa Hirsch, AUSA